The Honorable. The United States Court of Appeals for the First Circuit is now in session. All persons having any business before this Honorable Court may give their attendance and they shall be heard. God save the United States of America and this Honorable Court. Court is in session. Today's cases will be called as previously announced and the times will be as allotted to counsel. The first case today is United States v. Sean J. Trahan, appeal number 22-1390. Attorney Fick, please introduce yourself for the record and proceed with your argument. Attorney David Sentis, thank you. Go ahead, Attorney Fick. Good morning. May it please the Court, William Fick for the defendant, appellant Sean Trahan, and I'd like to reserve three minutes for rebuttal if the Court will permit. You may have three minutes. Thank you, Your Honor. May I proceed? Yes. So, Mr. Trahan was sentenced to an enhanced 10-year mandatory minimum sentence for federal child pornography offenses based on a prior state conviction under a statute that criminalizes at least some material that would not qualify as child pornography under federal law. In typical applications of the categorical approach across a variety of cases and statutes, we would ordinarily say that a state statute that reaches further than a federal definition is overbroad and cannot be a triggering predicate. What makes the issue more confounding in this case, however, is the phrase relating to in the statute, and I say confounding because it has split the circuits. The key question here is whether the phrase relating to somehow loosens the usual categorical strictures such that sentencing courts can overlook the state statute's overbreadth. And we submit the answer to that question is no for several reasons. Counsel, our circuit has a large number of cases, one of which I wrote recently, giving the term related to quite a broad definition specifically as to child pornography offenses. I don't understand an argument that where Congress has used the language related to And if that language clearly encompasses the state crime, why the categorical approach, which is a judge-made doctrine, could possibly overwhelm the congressional choice. But that seems to be an assumption you have made in your argument. So isn't this, in the end, really just a statutory interpretation case? Well, it's a statutory interpretation case that is governed by a large body of case law on top of the language of the statute here. And to the extent Your Honor was referring to your opinion in the Winshook case, the issue there was a bit different, right? No, Counsel. Actually, it's a much more recent case. But again, why can we disregard a congressional command in favor of a judge-made doctrine as to a categorical approach? Well, I would suggest it's not disregarding a congressional command. And I think first, if you look to the structure of the statute at issue here, I think that can be illustrated. And to help visualize this, I would even refer the court to the little three-column diagram on page three of the reply brief. And what I was trying to illustrate there is that the phrase relating to in this statute modifies child pornography offenses differently from other kinds of offenses. With regard to child pornography, relating to modifies enumerated acts or conduct, production, possession, receipt, mailing, etc. The object of the offense is, in another part of the sentence, sort of standing apart. The statute could have simply said, relating to child pornography, just as it says relating to the sexual exploitation of children. But it doesn't. And so to the extent relating to has a broadening effect, it operates as a matter of plain language on the acts, not the object. And the government's argument in its brief was actually helpful here in illustrating how that might be. Did you make that argument in your reply brief or in your opening brief? Well, it's sort of an expansion of the arguments in the opening brief. The little chart was in the reply, and that's a response to the argument the government makes, which I think was helpful in helping me visualize how the different clauses of the statute are different. What the government pointed out in its brief was that the unconsummated purchase of child pornography, which would be, you know, it's directly covered by the state offense but not the federal offense, the government said, well, an unconsummated purchase is an attempt to possess that relates to the possession of child pornography. And so to the extent relating to has a broadening effect, as a matter of plain language it operates on the verbs, and as a practical example of how that might work, the government's argument I think illustrates that. But it's simply the cases that talk about other clauses of the statute or other examples where relating to modifies a generic offense are really inapposite, because here the phrase relating to in the child pornography predicate clause does not modify a generic offense, it modifies specific enumerated species of conduct. Mr. Fick, I think that Judge Monacovo's question was getting at a question that I had. This is a very sophisticated argument, and I commend you for it, but is the argument that relating to modifies conduct rather than the object of the offense, is that argument squarely made in your opening brief? There's a waiver question that's potentially involved here, and that's a matter of some concern, at least to me. So, you know, look, at some level, right, there is a question about how specific an earlier argument must be to be preserved. There is squarely an argument that there is a disconnect between the breadth of the state child pornography statute and the federal statute. The sort of nuances back and forth of that, the argument, the interplay back and forth with the government, of course, develops as between the opening brief and the reply brief. But to say that, you know, one has to sort of just repeat the same arguments one made in the district court in the opening brief would be really just reductionist. I know, Mr. Fick, actually the argument was self-evident from the beginning. It didn't take reply to the government's brief. Well, I think it's subsumed in the overbreadth argument. And, you know, to the extent I didn't say the same exact words in the opening brief for the district court that I said in the reply brief, I don't think the argument was waived. I think it was a sort of natural extension of what the back and forth with the government was. About five minutes remaining, five minutes. And if I can just move on to just really a second reason, even putting aside the statutory structure, the second reason a sentencing court can't overlook the overbreadth is the Supreme Court's decision in Malooly v. Lynch. That case held that a state conviction relating to a controlled substance required a categorical match with controlled substances defined by federal law. And the Supreme Court basically held that relating to does not blow up the usual application of the categorical approach. Now, the government says in response that Malooly contained an express cross-reference to the definition of controlled substance in Title 21, and the statute at issue here contains no cross-reference. But, of course, as many of the courts sort of on our side of the circuit split have pointed out, there doesn't need to be an express cross-reference because everything is in the same chapter of the U.S. Code. Both the sentencing statute at issue 2252A.B.1 and 2256 are all in Chapter 110. The definition of child pornography in 2256 expressly covers all of Chapter 110. And more than that, the statutory sentencing enhancements and the 2256 definition were both adopted in the same piece of legislation passed by Congress in 1996. So there's really no doubt that Congress, in talking about child pornography in both the sentencing enhancement and the statutory definition, was referring to the same thing, a term of art. And so really the distinction that the government and other courts have tried to draw with Malooly, I would suggest, is an empty one. And Malooly sort of says more clearly than one might even need that relating to where it operates on a statutorily defined term does not sort of distend the definition of that term or extend the definition of that term beyond recognition. The third reason not to expand the categorical approach in the way the government suggests is the sort of lack of any limiting principle. If relating to is sort of completely open-ended, where is the articulable standard, how much overlap is enough, what is the other criterion, which is the phraseology that the Supreme Court began to use in Shular when it first made the clear distinction between a categorical approach that conjures a generic offense out of the statute versus a categorical approach that applies some other criterion to make the categorical comparison. And the problem is that the government's approach here, which basically says, well, close enough is enough, leaves us without any articulable standard. And it raises the sorts of questions about due process and notice that the Supreme Court has been worried about in developing the categorical approach since Johnson and other cases. Mr. Fick, you're correct that there is a circuit split and you're relying on, is it the Ninth and the Sixth Circuit cases? So the first argument you made, which was a textual interpretation argument, do the circuits you rely on adopt that reading? You say your second reading is supported by those circuits, but I'm asking about your first argument. I don't think that any of the other courts, whether it be the Sixth, the Ninth, or the Dissent, and the Tenth, and Bennett, they don't sort of lay out the sentence and chart it the same way that the argument was developed in my reply brief. Again, I don't... You've answered the question. Thank you. So absent other questions from the court on that argument, on the second argument in the brief with regard to the imposition of the additional sentence for the offense while committed on release, I would simply say that the sort of bottom line argument the government makes is one of harmless error, but all of the cases on which it is predicated and the intellectual basis of the argument is the notion that this was just somehow an enhancement for an already charged crime, and that is not the case here. The enhancement for the crime while committed on release is a separate statute, a separate crime, and because it was not charged by the grand jury, the notion that it's harmless to impose a sentence for that simply because the facts are admitted is simply...it's not sustainable. That argument's not sustainable. Do I correctly understand, Mr. Fick, that the second issue goes away if we find a view on the first issue? I believe that's correct because then the 3147 enhancement would not be a mandatory minimum or an addition to a mandatory minimum. Correct. That's time. Thank you. Thank you, Mr. Fick. At this time, if you would mute and if Attorney Dave Vincentis would unmute her audio and video and introduce yourself on the record to begin, you have a 15-minute response. May it please the court, Alexia DeVincentis on behalf of the United States. To start with the question of the 10-year mandatory minimum enhancement that was applied here, as Judge Lynch correctly pointed out, this is a case of statutory interpretation, and the government submits that the text and context of this enhancement demonstrate that Congress employed the term relating to in its usual broadening sense, and the enhancement's history and purpose confirmed that intent. That doesn't answer the question, counsel, because even if you give it a broad interpretation, if that broad interpretation applies to conduct rather than the object of the offense, then the government is on pretty shaky ground. Well, the defendant has gone from suggesting in his opening brief that relating to does no work at all to now suggesting for the first time in his reply brief and here at oral argument that relating to does some work, just not the work that the government is suggesting that it does. So are you representing to us that the argument in that regard that Mr. Fick is making now is an argument that was not made either below or in his opening brief? That is correct, Judge Talia, and so on that view, the argument would be waived. Well, it would be waived or else it would be judged by us for plain error. Oh, sure. No, I believe it would be waived. Well, it may be forfeited rather than waived, but I'm not sure that's a distinction that you make. That's not really a hill you want to die on. Sure, Your Honor, and in any event, even if the court were to address those arguments on the merits, they fail. First of all, to the extent that the defendant is suggesting that relating to only captures inchoate offenses, the simple reality is that if that is what Congress intended, it had a template for doing so. In fact, that template is identified in the very removal statute that was at issue in Mullooly, which made an alien removable in the event that he violated or conspired or attempted to violate a state law relating to a controlled substance as defined in 802. Congress did not choose that language here. In Winsic has a broadening effect, and that view was vindicated by the Supreme Court's decision in Pugin. And I would note that at oral argument in Pugin, several justices questioned whether they even needed to get into the meaning of relating to at all in the event that the court agreed, as it ultimately did, that the government's definition of obstruction of justice controlled. And yet the court's opinion in Pugin does just that. It gets into the meaning of relating to, assigns it its ordinary broad meaning. And it does so, moreover, over a dissent. And Pugin affirmed both the Fourth Circuit and the First Circuit view of the breadth of relating to, correct? Exactly, Judge Lynch. Now, turning to the new argument in the reply brief that somehow relating to only modifies the actus reus here, I pointed out that the defendant cites no canon of statutory construction and no grammatical rule that would support that reading. It also is a reading that just doesn't comport with the case law or common sense. The Third Circuit in Portanova expressly recognized that relating to modifies the entirety of the phrase possession of child pornography. And I would point out that that view does find support in the canons of construction, specifically the canon that holds that the meaning of a phrase or a word is ordinarily informed by the company it keeps. And as the defendant himself is quick to point out in his reply brief, in the first half of the sentencing enhancement, relating to is modifying offenses, suggesting that in the second half of the statute, excuse me, the enhancement, it's doing the same. And possession, without regard to the object of possession, is not a criminal act. Therefore, the defendant's attempt to break apart the constituent parts of the object of the phrase relating to we would submit fails, even if this court were to consider it on the merits. I would have thought, actually, the government, if its view were to prevail, would prefer that we decided on the merits and not leave the issue open. So what is the government urging us to do here? Well, I gathered from your Honor's questions to post to defense counsel that there was some concern that this argument hadn't initially been raised in the opening brief. However, we believe, as I've just suggested, that we have the correct view on the merits of those arguments, and we are content to have the court. So you would say, at best, plain error review, but on plain error review, no error? No error, correct. Okay. Go ahead. Now, just to briefly address the defendant's arguments related to Malouly, first and foremost, as we've already established, the baseline understanding of the word relating to here is a broad one. And as we've pointed out in the government's brief, where Congress instead intends a categorical match, it makes that intent clearly and specifically, as it did in Sections 3559, 2241, and 117, just to name a few. And I'd like to talk in particular about 2241, because the defendant is quick to point out that the state law trigger here was enacted at the same time that the definition of child pornography in 2256 was enacted. To our mind, that simply underscores the fact that Congress was well aware of this narrow definition of child pornography. And so all the more reason to use the broadening phrase relating to, so that these laws of 37 states would indeed qualify for this enhancement. And in particular, in the Child Pornography Prevention Act of 1996, Congress amended the penalties for aggravated sexual abuse of a child to require a life sentence for state offenses that would have been an offense under certain federal laws in the event that they occurred in federal prison. We submit that this difference in language demonstrates a difference in meaning. As the Supreme Court said in Rusella, where Congress includes particular language in one section of a statute but omits it in another section of the same act, it's generally presumed that Congress acts intentionally and purposefully in the disparate inclusion or exclusion. The point here being that Congress could have said a state offense that would have been an offense under certain federal provisions, or it could have referred to an offense involving or prohibiting, as it has done in other statutory sentencing enhancements. But Congress instead deliberately chose to employ the broader relating to language. Counsel, you cited the two Seventh Circuit cases, Kauffman and Kramer. Should we make anything of the fact that the Seventh Circuit has now, I think, reviewed that law en banc? It has taken the issue en banc, and there will be argument in that case, I believe, on October 27th. However, to the extent that the defendant wants this court to read into that en banc order some suggestion that the en banc review is somehow a death knell for the government's position, I would submit that that is highly speculative. In fact, I think if one looks at the specific questions on which the Seventh Circuit directed the parties to submit supplemental briefing, equally plausible is that the Seventh Circuit took that question en banc in order to clean up some of its case law surrounding the categorical approach. Specifically, the Seventh Circuit, in a number of cases, has held that when you are under this other criterion type of analysis, that that means that the state statute must necessarily entail certain conduct. In other words, the Seventh Circuit has gone down the path that the defendant himself, in his opening brief, suggested this court follow, but which the defendant has abandoned in his reply. And I think appropriately so, because under the other criterion approach to the categorical analysis, it's not a one-size-fits-all analysis. It depends on the language of the underlying statute. And that underlying statute might say involving, as in Shuler, or it might say has as an element, as in Taylor, or it might say, as it does here, relating to, which has a different import. Unless the court has any further questions on that particular issue, I would like to briefly address the Allene-based claim here. The defendant appears in his reply brief to go from arguing, from accepting in his opening brief that this is a sentencing enhancement, to somehow suggesting in his reply brief that it should be a standalone count of conviction. And I would just point out that there is no case law support for that. In fact, this court in Randall expressly described 3147 as a sentencing enhancement, and every court of appeals to consider the question has agreed. Indeed, the Third Circuit and Lewis threw out a purported conviction under 3147 on plain error review, on the view that it is clear that this is a sentencing enhancement. Now, we recognize for purposes of Allene that it is somewhat of a distinction without a difference. But I point it out because I think that it is, the defendant's pivot here is an attempt to disguise what is an utter lack of any response whatsoever to the government's harmlessness argument. About five minutes, five minutes. This court's case law in Harakali and McIvory makes clear that these types of errors, even assuming there is one here, that this error would be subject to review for harmlessness beyond a reasonable doubt, and that a defendant's admissions clear that hurdle with room to spare. And in particular here, the defendant was specifically informed when he was released on conditions in 2015, and again in 2020, that this penalty was at play. At the Rule 11, the government specifically, again, identified this as a penalty that was at play, and the defendant confirmed that he had discussed the penalties with his counsel, and he thereafter proceeded to admit the fact necessary to trigger the 3147 enhancement, both at the Rule 11 hearing, and again by failing to object to that fact in the PSR. So with that, this is clearly harmless. I was looking at our McIvory case, which you cite quite a bit, and then the one thing that struck me as a little bit different here was in McIvory, the enhancement was due to the quantity of drugs which were already charged, right? The charging wasn't specific about the quantity of drugs. And here, the enhancement is due to a different offense, not charged. It's completely separate, right, in time. Are we to make anything of that difference? No, and in fact, I would point out that Heracalli, on which McIvory relied, included no allegations in the indictment regarding drug offense. And in fact, in McIvory, the defendant attempted to distinguish Heracalli on the grounds that one involved some allegation of drug quantities and the other did not, and this court specifically rejected that as a distinction without a difference. Unless there are further questions, the government would rest on its brief. Thank you. Thank you, counsel. At this time, you can mute your audio and video. Attorney Fick, please reintroduce yourself on the record to begin. You have a three-minute rebuttal. Thank you. William Fick for the defendant appellant, Sean Trahan. I'd like to turn first to the government's arguments about Pugin and the sort of cases that have recently described the quote-unquote broadening effect of the phrase relating to. And I think it's important to note that in Pugin and those cases, relating to was not used or deployed by the court to sort of blow up the categorical approach. In Pugin, for example, the sort of bottom line of the court's holding was that a generic obstruction of justice offense does not require that there be a pending action or investigation. And so while an expansive reading of relating to might support that, ultimately the categorical approach was not changed, was not expanded, because the court held that the generic statute itself covered the conduct of conviction. Excuse me, counsel. Are you suggesting that when the Supreme Court says relating to is historically understood to be broadening, encompassing language used by Congress, that there is a different interpretation of the phrase when it is used in a sentencing case involving a categorical approach? I'm not suggesting there's a different interpretation. It is an expansive phrase. It evinces an intent by Congress to cast a broad net. But there are constitutional and case law limits to that. One thing the Supreme Court did not do in Pugin was to in any way repudiate its holding in Malouli, which I would suggest is more squarely applicable here. Okay, so your argument goes back to Malouli. Thank you. Go ahead. And the other point that I did make in the opening brief, which I think supports the later statutory interpretation argument or is a reason why the statutory structure argument is sort of built into it, is that in Shular the court said you either use a generic offense approach or you find some other criterion, some other limiting criterion to limit your categorical analysis. The opening brief squarely argued that that other criterion is federally defined child pornography. That is really the only criterion that could be applied or used in this case. The argument about the statute is really sort of, it's like the undergirders for that argument, and it's also a natural extension or a natural reaction to the arguments the government made in its opening brief. And so, you know, I guess I would continue to take exception to the court's view, if it is the court's view, that that was an entirely new or waived argument. I think it's a facet of the underlying support for arguments that were made, and it squarely supports the argument about Shular and how the Shular other criterion approach has to be used, given the statutory language we have here where child pornography stands alone as the only other possible criteria. I'm sorry, was that time? Yes. Yes, your time is up. Thank you. Thank you. That concludes argument in this case.